KASEN LAW GROUP, P.C.
Jenny R. Kasen, Esq. (NJ Bar No. 02771)
1236 Brace Road, Suite B2
Cherry Hill, NJ  08034
Telephone (302) 652-3300
E-Mail: jkasen@kasenlawgroup.com
*Counsel to Defendant*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>Rite Aid Corporation, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 23-18993-MBK |
| Thomas A. Pitta, as Trustee of the RAD Sub-Trust A,<br><br>Plaintiff,<br>v.<br><br>Karma Culture LLC,<br><br>Defendant. | Adversary No. 25-01904-MBK |

**DEFENDANT'S ANSWER TO TRUSTEE'S COMPLAINT TO AVOID
AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§547, 548, AND
550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Karma Culture LLC, (the "**Defendant**"), by and through undersigned counsel and pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, submits this answer (the "**Answer**") to the *Trustee's Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547, 548, and 550 and to Disallow Claims Pursuant to 11 U.S.C. §502* [Adv. D.I. 1] (the "**Complaint**") filed by Thomas A. Pitta, as Trustee of the RAD Sub-Trust A (the "**Plaintiff**") as follows:

## NATURE OF THE CASE

1. The Defendant admits that, through this lawsuit, Plaintiff seeks to avoid and recover from Defendant certain transfers, pursuant to sections 547, 548, and 550 of the Bankruptcy Code. Defendant, however, denies that Plaintiff is entitled to the relief he seeks.

2. The Defendant admits that, through this lawsuit, Plaintiff also seeks to disallow any claim filed or asserted by the Defendant pursuant to section 502 of the Bankruptcy Code. Defendant, however, denies that Plaintiff is entitled to the relief he seeks.

## JURISDICTION AND VENUE

3. The allegations of this paragraph set forth assertions of law to which no response is required. To the extent a response is required, Defendant admits that this Court has subject matter jurisdiction over this adversary proceeding. Defendant denies all remaining allegations of this paragraph.

4. The allegations of this paragraph set forth assertions of law to which no response is required. To the extent a response is required, Defendant admits that this adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Defendant denies all remaining allegations of this paragraph.

5. The allegations of this paragraph set forth assertions of law to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this district pursuant to 28 U.S.C. § 1409.

6. The allegations of this paragraph set forth assertions of law to which no response is required. To the extent a response is required, Defendant admits that the relief sought by Plaintiff in the Complaint is predicated on sections 502, 547, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure. Defendant denies all remaining allegations of this paragraph.

## PROCEDURAL BACKGROUND

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

## THE PARTIES

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

12. Defendant admits that it is a New York limited liability company, and that Defendant has had a business relationship with certain of the Debtor(s). Defendant denies all remaining allegations of this paragraph.

## FACTUAL BACKGROUND

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

18. Defendant admits that certain of the debtor(s) paid Defendant in the Preference Period. Defendant denies all remaining allegations of this paragraph, and affirmatively states that Exhibit A to the Complaint does not provide accurate and/or relevant details of the transfers at issue.

19. Defendant admits that certain of the debtor(s) paid Defendant in the Preference Period. Defendant denies all remaining allegations of this paragraph, and affirmatively states that Exhibit A to the Complaint does not provide accurate and/or relevant details of the transfers at issue.

20. The allegations of this paragraph do not set forth assertions of fact, and, as such, no response is required. To the extent a response is required, Defendant admits that it is Plaintiff's intention to avoid and recover all preference period transfers. Defendant denies all remaining allegations of this paragraph, and affirmatively states that Plaintiff is not entitled to the order and judgment he seeks.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

25. The allegations of this paragraph do not set forth assertions of fact, and, as such, no response is required. To the extent a response is required, Defendant admits that it is Plaintiff's intention to avoid and recover all preference period transfers. Defendant denies all remaining allegations of this paragraph, and affirmatively states that Plaintiff is not entitled to the order and judgment he seeks.

## CLAIMS FOR RELIEF

### COUNT I
**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

26. Defendant repeats and realleges its responses set forth above as if fully set forth herein.

27. Defendant admits that certain of the debtor(s) paid Defendant in the Preference Period. Defendant denies all remaining allegations of this paragraph, and affirmatively states that Exhibit A to the Complaint does not provide accurate and/or relevant details of the transfers at issue.

28. Defendant admits that certain of the debtor(s) paid Defendant in the Preference Period. Defendant denies all remaining allegations of this paragraph, and affirmatively states that Exhibit A to the Complaint does not provide accurate and/or relevant details of the transfers at issue.

29. Defendant admits that certain of the debtor(s) paid Defendant in the Preference Period. Defendant denies all remaining allegations of this paragraph, and affirmatively states that Exhibit A to the Complaint does not provide accurate and/or relevant details of the transfers at issue.

30. Defendant admits that certain of the debtor(s) paid Defendant in the Preference Period. Defendant denies all remaining allegations of this paragraph, and affirmatively states that

Exhibit A to the Complaint does not provide accurate and/or relevant details of the transfers at issue.

31. Defendant admits that certain of the debtor(s) paid Defendant in the Preference Period. Defendant denies all remaining allegations of this paragraph, and affirmatively states that Exhibit A to the Complaint does not provide accurate and/or relevant details of the transfers at issue.

32. The allegations of this paragraph do not set forth assertions of fact, and, as such, no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

33. Defendant admits that certain of the debtor(s) paid Defendant in the Preference Period. Defendant denies all remaining allegations of this paragraph, and affirmatively states that Exhibit A to the Complaint does not provide accurate and/or relevant details of the transfers at issue.

34. The allegations of this paragraph do not set forth assertions of fact, and, as such, no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

35. The allegations of this paragraph do not set forth assertions of fact, and, as such, no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

## COUNT II
### (Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))

36. Defendant repeats and realleges its responses set forth above as if fully set forth herein.

37. Defendant denies the allegations thereof, as well as those set forth in subparagraphs A, B, and C, and affirmatively states that Plaintiff is not entitled to the order and judgment he seeks.

38. The allegations of this paragraph do not set forth assertions of fact, and, as such, no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

## COUNT III
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

39. Defendant repeats and realleges its responses set forth above as if fully set forth herein.

40. The allegations of this paragraph do not set forth assertions of fact, and, as such, no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

41. The allegations of this paragraph do not set forth assertions of fact, and, as such, no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

42. The allegations of this paragraph do not set forth assertions of fact, and, as such, no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

## COUNT IV
### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

43. Defendant repeats and realleges its responses set forth above as if fully set forth herein.

44. The allegations of this paragraph do not set forth assertions of fact, and, as such, no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

45. The allegations of this paragraph do not set forth assertions of fact, and, as such, no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

46. The allegations of this paragraph do not set forth assertions of fact, and, as such, no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

47. The allegations of this paragraph do not set forth assertions of fact, and, as such, no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

## PRAYER FOR RELIEF

Pertaining to the WHEREFORE clause following paragraph 47, Defendant denies the allegations thereof, as well as those set forth in subparagraphs A, B, and C, and affirmatively states that Plaintiff is not entitled to the order and judgment he seeks.

## GENERAL

1. To the extent that any allegations of the Complaint are not responded to in the paragraphs above, such allegations are denied.

## AFFIRMATIVE DEFENSES

2. Defendant hereby sets forth the following defenses, without admitting that any of them technically are "affirmative defenses" and/or that Defendant bears the burden of proof or persuasion with respect to any of these defenses.

3. The Complaint fails to state a claim upon which relief can be granted.

4.  The Plaintiff's claims are barred in whole or in part to the extent that the Debtor was not insolvent at the time of any of the transfers at issue.

5.  The transfers at issue: (a) were intended to be a contemporaneous exchange for new value given to the Debtor and (b) in fact were substantially contemporaneous exchanges.

6.  The transfers at issue were in payment of a debt incurred by the Plaintiff in the ordinary course of business or financial affairs, and were made: (a) in the ordinary course of business or financial affairs and/or (b) according to ordinary business terms.

7.  After the transfers at issue were made, new value was given to or for the benefit of the Plaintiff (a) not secured by an otherwise unavoidable security interest and (b) on account of which new value the Plaintiff did not make an otherwise unavoidable transfer.

8.  Defendant never had a debtor-creditor relationship with the transferor debtor entity.

9.  Defendant was a critical vendor with a post-petition trade agreement, and relied thereon.

10. To the extent Defendant's contracts were assumed, or assumed and assigned, in the Plaintiff's bankruptcy case, Plaintiff is estopped from pursuing the claims asserted in the Complaint.

11. To the extent there was an obligation to transmit allegedly preferential payments to one or more third-parties, Defendant's role in such transfers was limited to that of a "mere conduit." Accordingly, to the extent it acted as a mere conduit, Defendant is not an initial transferee for purposes of 11 U.S.C. § 550, and the payments characterized as preferential in the Complaint are not avoidable.

12. The Plaintiff's claims may be barred in whole or in part by the expiration of the limitations period specified in 11 U.S.C. § 546.

13. The Plaintiff's claims may be barred, in whole or in part, because the named Plaintiff lacks standing to sue the Defendant.

14. The Plaintiff's claims may be barred in whole or in part by the doctrine of unclean hands.

15. The Plaintiff's claims may be barred in whole or in part by the doctrine of estoppel.

16. The Plaintiff's claims may be barred in whole or in part by the doctrines of waiver, laches and/or ratification.

17. The Plaintiff's claims may be barred, in whole or in part, by the doctrine of *in pari delicto*.

18. The Complaint is barred in whole or in part by the doctrine of unjust enrichment, set-off and/or recoupment.

**RESERVATION OF RIGHTS TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES**

19. Defendant reserves the right to amend this answer to assert additional affirmative defenses that become known to Defendant through discovery or otherwise.

**WHEREFORE**, Defendant respectfully requests that judgment be entered in its favor and against the Plaintiff:

a) Dismissing all counts in the Complaint with prejudice and on the merits;

b) Awarding Defendant all attorneys' fees, costs and expenses incurred in defending this lawsuit, and;

c) Granting such other relief to Defendant as the Court deems just and proper.

Respectfully submitted,

Dated: December 10, 2025                KASEN LAW GROUP, P.C.

*/s/ Jenny R. Kasen*
Jenny R. Kasen, Esq. (NJ Bar No. 02771)
1236 Brace Road, Suite B2

10

        Cherry Hill, NJ 08034
        Telephone: (302) 652-3300
        E-Mail: jkasen@kasenlawgroup.com
        *Counsel to Defendant*

11